UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELISSA S. FEOLA,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.
_________________________________/

Hon. Paul L. Maloney

Case No. 1:25-cv-01930

**REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff's Motion for Attorney Fees under the Equal Access to Justice Act (EAJA). (ECF No. 28). On August 5, 2026, the Court entered a Stipulation and Order remanding the matter to the Commissioner pursuant to 42 U.S.C. § 405(g) for further administrative proceedings. (ECF Nos. 26 and 27). Plaintiff's counsel seeks $6,258.60 representing 25.65 hours at an hourly rate of $244.00. (ECF No. 28, PageID.1642-43). The Commissioner has not opposed counsel's motion. For the reasons stated herein, the undersigned recommends granting the fee request.

Pursuant to the Equal Access to Justice Act (EAJA), the prevailing party in an action seeking judicial review of a decision of the Commissioner of Social Security may apply for an award of fees and costs. *See* 28 U.S.C. § 2412(d)(1)(A). While a prevailing party is not entitled as a matter of course to attorney fees under the EAJA, *see United States v. 0.376 Acres of Land*, 838 F.2d 819, 825 (6th Cir. 1988), fees and

costs are to be awarded unless the Court finds that the Commissioner's position was "substantially justified" or that "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). As noted, pursuant to the parties' stipulation, the Court remanded this matter to the Commissioner for further administrative action pursuant to sentence four of 42 U.S.C. § 405(g). (ECF Nos. 26 and 27). There is no indication here that the Commissioner's position was substantially justified or that special circumstances weighing against an award are present.

Under the EAJA, "[t]he amount of fees awarded . . . shall be based upon prevailing market rates for the kind and quality of the services furnished," except that attorneys' fees shall be capped at $125.00/hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The EAJA's statutory hourly rate "is a ceiling and not a floor." *Caviness v. Comm'r of Soc. Sec.*, 681 F. App'x 453, 455 (6th Cir. 2017).

Plaintiff bears the burden of producing appropriate evidence to support the requested increase. *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009). "Plaintiffs must 'produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.' " *Id.* (quoting *Blum v. Stenson,* 465 U.S. 886, 895 n.11 (1984)). Still, the burden remains on Plaintiff's counsel to put forth adequate evidence—both substantiating the ultimately sought fee amount *and* justifying an above-cap number,

if applicable—in relation to the relevant geographic area. *See Trammell v. Colvin*, No. 2:12-cv-38-JMH, 2013 WL 1856415, at *1 (E.D. Ky. Apr. 30, 2013) (quoting *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343 (6th Cir. 2000)).

Here, Plaintiff submitted evidence in justification of his $244 rate, citing a Consumer Price Index and addressing in his affidavit the background and experience of Plaintiff's counsel as a relevant factor. (ECF No. 28, PageID.1636-42). The undersigned finds that this rate is reasonable based on Plaintiff's proffered materials.

Regarding time spent on the case, Plaintiff's counsel provides a statement of hours indicating that he billed a total of 25.65 hours in prosecuting the appeal. (ECF No. 28, PageID.1643). Upon review of the time record, the Court finds that the number of hours spent on this case is reasonable.

In sum, an EAJA award in the amount of $6,258.60 is appropriate. For the reasons articulated herein, the undersigned recommends that Plaintiff's Motion for Attorney Fees under the EAJA (ECF No. 28) is granted.

In light of the Supreme Court's decision in *Astrue v. Ratliff*, 560 U.S. 586, 591-93 (2010), this order awarding EAJA fees must be entered in Plaintiff's favor as opposed to Plaintiff's counsel. *See* 28 U.S.C. § 2412(d)(1)(A) (the EAJA awards fees "to a prevailing party"); *Kerr v. Commissioner of Social Security*, 874 F.3d 926, 934-35 (6th Cir. 2017) (reaffirming that *Astrue* requires EAJA fees to be paid to the claimant). These fees are subject to offset through the Treasury Department's Offset Program to satisfy any pre-existing debt Plaintiff may owe to the government.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Plaintiff's motion for EAJA fees be granted. Specifically, the undersigned recommends that Plaintiff be awarded $6,258.60 pursuant to the EAJA and that such be paid directly to Plaintiff.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

DATE: September 30, 2026

/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge